UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CITY OF MEMPHIS, TENNESSEE,           ) <br> ) <br> Plaintiff,           ) <br> v.           ) <br> ) <br> TENNESSEE VALLEY AUTHORITY,           ) <br> ) <br> Defendant           ) <br> ) | No. _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446 and the Federal Rules of Civil Procedure, Tennessee Valley Authority ("TVA") hereby submits for filing this Notice of Removal of this civil action from the General Sessions Court of Memphis, Tennessee, and respectfully shows as follows:

1. On February 9, 2023, an Environmental Enforcement Officer with the City of Memphis issued a citation alleging violations of several City Ordinances at property in Shelby County, Tennessee, owned by the United States of America and entrusted to TVA as the agent of the United States to accomplish the purposes of the Tennessee Valley Authority Act of 1933, 16 U.S.C. §§ 831 to 831ee ("TVA Act"). *See* 16 U.S.C. § 831c(h). A General Sessions Court Citation was subsequently issued on February 13, 2023, charging TVA with violations of said City Ordinances and requiring TVA's appearance at General Sessions Environmental Court in Shelby County on March 13, 2023. Copies of these citations are included here as Attachment 1.

2. TVA is a wholly-owned executive branch corporate agency and instrumentality of the United States created by and existing pursuant to the TVA Act, 16 U.S.C. § 831 et seq. *See*

1

*TVA v. Hill*, 437 U.S. 153, 157 (1978) ("[TVA is] a wholly owned public corporation of the United States . . . ."); *Ashwander v. TVA*, 297 U.S. 288, 315 (1936) ("[TVA is] an agency of the federal government . . . ."); *Waterhouse v. TVA*, No. 20-5978, 2021 WL 1230371, at *2 (6th Cir. Mar. 17, 2021) ("TVA is a 'wholly-owned corporate agency and instrumentality of the United States.'" (quoting *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1333 (6th Cir. 1995))); *Gillham v. TVA*, 488 F. App'x 80, 81 (6th Cir. 2012) ("The TVA is a wholly-owned corporate agency and instrumentality of the United States . . . ."); 16 U.S.C. § 831r (denoting TVA as "an instrumentality and agency of the Government of the United States").

3. This action is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of any civil action commenced against the United States or any agency thereof. *City of Cookeville v. Upper Cumberland Membership Corp.*, 484 F.3d 380, 389 & n.5 (6th Cir. 2007) ("[T]he text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1)[.]"); *see also, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (observing that the right of removal created by 28 U.S.C. § 1442(a)(1) is "absolute").

4. This Court separately has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because a claim against a federal corporation created by an Act of Congress, such as the TVA Act, falls within the grant of federal question jurisdiction under § 1331. *See Jackson v. TVA*, 462 F. Supp. 45, 55 (M.D. Tenn. 1979), *aff'd* 595 F.2d 1120, 1121 (6th Cir. 1979); *see also Wayne v. TVA*, 730 F.2d 392, 397 (5th Cir. 1984) (citing *Jackson*, 462 F. Supp. at 50). Plaintiff's claims against TVA are subject to defenses arising under federal law, including the Supremacy Clause, U.S. Const. art. VI, cl. 2.

5.  Because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, removal is proper under 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1).

7.  TVA received copies of the citations described in paragraph 1 through service or otherwise on March 9, 2023. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty days of TVA's receipt of the citations upon which this action is based and, therefore, is timely and proper.

8.  In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon [TVA in this] action" is attached hereto as Attachment 1.

9.  In accordance with 28 U.S.C. § 1446(d) and as shown by the Certificate of Filing and Service being submitted herewith as Attachment 2, notice of the removal of this civil action was effected on March 10, 2023, by (1) sending copies of this Notice and said certificate to all parties who have appeared by hand-delivery, thereby notifying them of the filing of this Notice and the removal of this action; and (2) by causing copies of this Notice and said certificate to be filed with the Shelby County General Sessions Court Clerk.

WHEREFORE, TVA prays that this action be removed from State court to this Court as provided by law.

Respectfully submitted,

*s/David D. Ayliffe*
David D. Ayliffe (BPR 024297)
Director, Litigation
F. Regina Koho (BPR 029261)
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.8964
ddayliffe@tva.gov

Attorneys for Tennessee Valley Authority

117131185